**E-FILED**
Monday, 31 January, 2005  03:00:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case:  04-3024 |
| | ) | |
| GEORGE E. RICHARDS, RAYMOND W. | ) | |
| EWELL, JOHN M. DORGAN, BARBARA J. | ) | |
| PETERSON, DAN P. FABRIZO, ROD | ) | |
| BLAGOJEVICH, THOMAS LONDRIGAN and | ) | |
| ALONZO MONK, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, ROBERT POWERS, and for his causes of action against the

Defendants, GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN,

BARBARA J. PETERSON, DAN P. FABRIZO, ROD BLAGOJEVICH, THOMAS LONDRIGAN

and ALONZO MONK, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code,

Sections 1331 and 1337, together with Title 42, United States Code, Sections 1983 and 1988. This is

a civil action arising under the laws of the United States. Specifically, this is an action brought in

furtherance of a certain Act of Congress which guarantees to citizens of the United States protections

against the acts of public officers which infringe upon their rights under the Constitution of the United

States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title

28, United States Code, Section 1391(b) since the Defendants engage in their official activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1.  That at all times relevant to this proceeding the Plaintiff, ROBERT POWERS, was an adult resident of Sangamon County, Illinois. He was employed by the ILLINOIS CIVIL SERVICE COMMISSION ["COMMISSION"] as its Executive Secretary from October 1, 2002 through May 30, 2003.

2.  That at all times relevant to this proceeding the Defendant, GEORGE E. RICHARDS, was the duly appointed Chairman of the COMMISSION. In that position he participated in making decisions with respect to personnel matters involving employees of the COMMISSION. He is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

3.  That at all times relevant to this proceeding the Defendant, RAYMOND E. EWELL, was a duly appointed member of the COMMISSION. In that position he participated in making decisions with respect to personnel matters involving employees of the COMMISSION. He is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

4.  That at all times relevant to this proceeding the Defendant, JOHN M. DORGAN, was a duly appointed member of the COMMISSION. In that position he participated in making decisions with respect to personnel matters involving employees of the COMMISSION. He is named in this

proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

5.   That at all times relevant to this proceeding the Defendant, BARBARA J. PETERSON, was a duly appointed member of the COMMISSION.  In that position she participated in making decisions with respect to personnel matters involving employees of the COMMISSION.  She is named in this proceeding both in her individual and, for the purpose of implementing equitable relief, her official capacities.

6.   That at all times relevant to this proceeding the Defendant, DAN P. FABRIZO, was a duly appointed member of the COMMISSION.  In that position he participated in making the decisions with respect to personnel matters involving employees of the COMMISSION.  He is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

7.   That the Defendant, ALONZO MONK, was at times relevant to this proceeding employed as the Chief of Staff of the Governor of the State of Illinois.  In that position, he participated in making decisions with respect to appointments of individuals to employment with agencies and commissions of state government as well as other matters of a personnel nature involving employees of the State of Illinois.  He is named in the proceeding in both his individual and, for purposes of implementing equitable relief, his official capacities.

8.   That at all times relevant to this proceeding the Defendant, THOMAS LONDRIGAN, was employed as Springfield Chief Counsel to the Governor of the State of Illinois.  In that position, he participated in making decisions with respect to appointments of individuals to employment with

agencies and commissions of state government as well as other matters of a personnel nature involving

employees of the State of Illinois.  He is named in this proceeding both in his individual and, for

purposes of implementing equitable relief, his official capacities.

9.  That at all times relevant to this proceeding the Defendant, ROD BLAGOJEVICH, was the

Governor of the State of Illinois.  In that respect, he made appointments and was involved in personnel

matters relating to employees of agencies and commissions of state government.  He is named in this

proceeding both in his individual and, for purposes of implementing equitable relief, his official

capacities.

## ALLEGATIONS COMMON TO ALL COUNTS
## AGAINST THE INDIVIDUAL DEFENDANTS

10.  That the COMMISSION is an agency of the government of the State of Illinois which is

involved in the administration of certain aspects of the "Personnel Code" [20 ILCS 415/1 et.al.] and

the adjudication of certain types of claims arising under that law.

11.  That the Plaintiff, ROBERT POWERS, began his employment with the COMMISSION

on October 1, 2002 as its Executive Secretary.

12.  That at all times pertinent to this proceeding the position held by the Plaintiff, ROBERT

POWERS, was a position covered by the merit principles of the "Personnel Code" [20 ILCS 415/10]

as well as the Personnel Rules adopted by the Department of Central Management Services ["CMS"].

13.  That by virtue of both the "Personnel Code" and the Personnel Rules referred to in the

preceding paragraph the Plaintiff, ROBERT POWERS, could not be terminated from his position of

employment with the COMMISSION absent good cause.  Accordingly, he possessed a property

interest in his employment with the COMMISSION.

14.   That the position of Executive Secretary of the COMMISSION does not require the
development or implementation of policy on behalf of the Governor of the State of Illinois and the
person holding that position does not maintain any type of confidential relationship with the Governor of
the State of Illinois.  It is in fact a position requiring the incumbent to be independent of the Governor of
the State of Illinois.

15.   That because of the property interest held by the Plaintiff, ROBERT POWERS, in his
employment with the COMMISSION, he could not be terminated for cause from employment without
being provided with both:  a) a pre-disciplinary hearing that would afford him with an opportunity to be
made aware of the reasons that discipline was contemplated against him and a reasonable opportunity
to respond to those reasons before any decision concerning discipline was made; and b) an opportunity
for a prompt hearing following the assessment of such discipline to determine its propriety conducted by
an impartial decision maker.

16.   That the Plaintiff, ROBERT POWERS, was appointed to the position of Executive
Secretary of the COMMISSION in October of 2002.  His appointment was the result of a competitive
selection which resulted in the members of the COMMISSION determining that he was the best
qualified candidate for the position.

17.   That for a number of years prior to his appointment as Executive Secretary of the
COMMISSION, the Plaintiff, ROBERT POWERS, had served George Ryan in various technical and
policymaking capacities when George Ryan served as a constitutional office holder of the State of
Illinois.

18.  That during the time period the Plaintiff, ROBERT POWERS, worked on the staff of

George Ryan he was known to be a member of the Republican Party and an active participant in

Republican Party affairs.

19.  That the Plaintiff, ROBERT POWERS, served the COMMISSION in an active capacity

as its Executive Secretary from October of 2002 until April of 2003.  During that time period he

performed his job in a fully competent manner and exercised his duties free of any favoritism to the

Republican Party and its members.

20.  That in January of 2003 the Defendant, ROD BLAGOJEVICH, was inaugurated as

Governor of the State of Illinois.  The Defendant, ROD BLAGOJEVICH, is and has for many years

been an active member of the Democratic Party who had run for elective office on the Democratic

Party ticket.

21.  That in either late January or early February of 2003 the Defendants, ALONZO MONK

and THOMAS LONDRIGAN, joined the staff of the Defendant, ROD BLAGOJEVICH.

22.  That under the terms of Section 4d(3) of the "Personnel Code" [20 ILCS 415/4d(3)] the

COMMISSION upon recommendation from the Director of CMS may exempt from jurisdiction B of

the "Personnel Code" certain positions of employment.  Individuals appointed to those positions need

not go through the competitive hiring process for purposes of securing employment with the State of

Illinois as is normally prescribed under the terms of the "Personnel Code".  Appointments made to

positions which are exempt by that statute may be based upon partisan political considerations.  The

COMMISSION possesses the power to approve or disapprove exemptions requested by CMS under

that particular law.

23.  That the Executive Secretary of the COMMISSION as its highest ranking staff employee

oversees the analysis and recommendations made by the COMMISSION's staff to its members with

respect to requests made by the Director of CMS that certain positions in state government be

considered as 4d(3) exempt.

24.  That on information and belief the Plaintiff, ROBERT POWERS, understands that shortly

following the Defendant, ROD BLAGOJEVICH, becoming Governor of the State of Illinois, members

of his staff explored means for filling the position of Executive Secretary of the COMMISSION with an

individual who was more acceptable to the Defendant, ROD BLAGOJEVICH, than the Plaintiff,

ROBERT POWERS.

25.  That shortly after he took office as Governor of the State of Illinois, the administration of

the Defendant, ROD BLAGOJEVICH, sought a large number of section 4d(3) exemptions from the

COMMISSION in order that individuals favored by the Governor could be appointed to state

employment without undergoing the normal competitive hiring process to secure employment.

26.  That in the spring of the year 2003 an allegation was raised by the Defendants, ROD

BLAGOJEVICH, THOMAS LONDRIGAN and ALONZO MONK, that the Plaintiff, ROBERT

POWERS, had, prior to his employment with the COMMISSION, engaged in improper conduct with

respect to the reinstatement of certain state employees to term appointments.

27. That the conduct of the Plaintiff, ROBERT POWERS, with respect to the allegation

described in the preceding paragraph did not constitute sufficient cause justifying the termination of his

employment with the COMMISSION.  At all times during his employment with the COMMISSION

the Plaintiff, ROBERT POWERS, had performed his job satisfactorily and in accordance with all reasonable expectations which the COMMISSION had for him.

28.  That in April of 2003 the Defendant, ROD BLAGOJEVICH, publicly demanded that the Plaintiff, ROBERT POWERS, be terminated from his employment as Executive Secretary of the COMMISSION.

29.  That upon the Defendant, ROD BLAGOJEVICH, making a public demand that the Plaintiff, ROBERT POWERS, be terminated from his employment with the COMMISSION, the Defendants, THOMAS LONDRIGAN and ALONZO MONK, communicated with the Defendant, GEORGE E. RICHARDS, and perhaps other members of the COMMISSION and demanded that the COMMISSION take steps to terminate the employment of the Plaintiff, ROBERT POWERS, as its Executive Secretary.

30.  That in the spring of 2003 the administration of the Defendant, ROD BLAGOJEVICH, was actively seeking the enactment of legislation by the Illinois General Assembly which would alter the manner in which members were appointed to the COMMISSION.  The nature of the requested legislation was such that the terms of the existing members of the COMMISSION would end and the Governor of the State of Illinois would have a greater role in appointing the members of the COMMISSION.

31.  That in April and May of 2003 the Defendant, THOMAS LONDRIGAN, as well as individuals appointed by the Defendant, ROD BLAGOJEVICH, to policymaking positions in CMS, actively encouraged and assisted the members of the COMMISSION in terminating the employment of both the Plaintiff, ROBERT POWERS, and Sara Jane Wright, a staff member of the COMMISSION

who had formerly served on the staff of George Ryan when he was the Republican Governor of the State of Illinois.

32.  That prior to August 29, 2003 the Defendants, ROD BLAGOJEVICH, ALONZO MONK and THOMAS LONDRIGAN, actively arranged for the employment of a successor to the Plaintiff, ROBERT POWERS, as Executive Secretary of the COMMISSION.  The individual they selected secured his position in state government through the Defendant, ROD BLAGOJEVICH, and worked in a policymaking position for an agency under the oversight of the Governor of the State of Illinois prior to his appointment as Executive Secretary.  Unlike the Plaintiff, ROBERT POWERS, his successor was not required to undergo any competitive hiring process in order to secure employment with the COMMISSION.

33.  That following the termination of the employment of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the COMMISSION, the Defendants, ROD BLAGOJEVICH, ALONZO MONK and THOMAS LONDRIGAN, withdrew their proposals to the Illinois General Assembly that a law be enacted modifying the manner in which members of the COMMISSION were appointed.

34.  That the business of the COMMISSION is transacted through five commissioners.  Three members of the COMMISSION are necessary to constitute a quorum for the transaction of business.  Any decision to terminate the employment of the Executive Secretary of the COMMISSION must be made by a majority vote of a quorum of the members of the COMMISSION.

35.  That on May 15, 2003, the members of the COMMISSION consisted of the Defendants, GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J.

PETERSON, and DAN P. FABRIZO.

36.  That on or about May 15, 2003, the Defendants, GEORGE E. RICHARDS,

RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, and DAN P.

FABRIZO, met in executive session.  During that meeting, they adopted with the active encouragement

of the Defendants, ROD BLAGOJEVICH, ALONZO MONK and THOMAS LONDRIGAN, a

resolution suspending the employment of the Plaintiff, ROBERT POWERS, pending the approval of the

termination of his employment.  Under the terms of both the "Personnel Code" and the Personnel Rules

promulgated by CMS, suspension pending termination from employment evidences the intent of an

agency of state government to terminate an employee subject only to the concurrence of the Director of

CMS.

37.  The Defendants, GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M.

DORGAN, BARBARA J. PETERSON, and DAN P. FABRIZO, also determined that the Chairman

of the COMMISSION, the Defendant GEORGE E. RICHARDS, should hold a pre-disciplinary

hearing and terminate the Plaintiff, ROBERT POWERS, unless some other exculpatory reason was

presented to him.

38.  At the time of their meeting on May 15, 2003, the Defendants, GEORGE E. RICHARDS,

RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, and DAN P.

FABRIZO, had received and were in possession of an investigatory report prepared by employees of

CMS appointed to their positions by the Defendant, ROD BLAGOJEVICH, relating to the conduct of

the Plaintiff, ROBERT POWERS.

39.  That on May 29, 2003, a pre-deprivation meeting was conducted for the Plaintiff,

ROBERT POWERS.  The only member of the COMMISSION who was in attendance at the time of that hearing was its Chairman, the Defendant GEORGE E. RICHARDS.  Neither during the course of that hearing nor at any time prior to that hearing had the Plaintiff, ROBERT POWERS, been provided with the investigatory report referred to in the preceding paragraph.

40.  That during the course of the pre-deprivation hearing on May 29, 2003, the Plaintiff, ROBERT POWERS, shared with the Defendant, GEORGE E. RICHARDS, information supporting his belief that he had not engaged in conduct warranting his discharge from employment with the COMMISSION.

41.  That at no time between the pre-deprivation hearing on May 29, 2003 and the approval of the discharge of the Plaintiff, ROBERT POWERS, from employment with the COMMISSION by the Director of CMS, did the Defendant, GEORGE E. RICHARDS, share with any of the other members of the COMMISSION the information provided to him by the Plaintiff, ROBERT POWERS, during his pre-deprivation hearing.  Thus, none of the Defendants who were members of the COMMISSION on May 29, 2003 other than the Defendant, GEORGE E. RICHARDS, ever knew or became aware of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

### COUNT I

For his cause of action against the Defendant, GEORGE E. RICHARDS, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count I the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, GEORGE E. RICHARDS, was

the Chairman of the COMMISSION. Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

43. That at all times relevant to the issues raised in this proceeding, the Defendant, GEORGE E. RICHARDS, was acting in furtherance of his duties as Chairman of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

44. That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the Personnel Rules of CMS.

45. That by virtue of both the "Personnel Code" and the CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

46. That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made

47. That on or about May 15, 2003, the Defendant, GEORGE E. RICHARDS, voted to

terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION.

48.  That the Defendant, GEORGE E. RICHARDS, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to his rights under the Fourteenth Amendment to the Constitution of the United States in one or both of the following respects:  a) he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and after the deprivation hearing failed to inform other members of the COMMISSION of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing, denying him a reasonable and meaningful opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made; and b) failed to provide the Plaintiff, ROBERT POWERS, with information considered by the COMMISSION in deciding to terminate his employment which deprived him of the opportunity to respond to evidence relied upon by it in making the termination decision.

49.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

### COUNT II

For his cause of action against the Defendant, RAYMOND W. EWELL, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count II the Plaintiff, ROBERT POWERS, incorporates

paragraphs 1 - 41 above.

42. That at all times relevant to this proceeding the Defendant, RAYMOND W. EWELL, was a member of the COMMISSION. Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

43. That at all times relevant to the issues raised in this proceeding, the Defendant, RAYMOND W. EWELL, was acting in furtherance of his duties as a member of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

44. That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

45. That by virtue of both the "Personnel Code" and the CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

46. That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any

decision concerning discipline was made.

47.  That on or about May 15, 2003, the Defendant, RAYMOND W. EWELL, voted to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

48.  That the Defendant, RAYMOND W. EWELL, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to  his rights under the Fourteenth Amendment to the Constitution of the United States in that he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and thereafter failed to hear or consider any of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.  Thus, the Plaintiff, ROBERT POWERS, was denied a reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

49.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## COUNT III

For his cause of action against the Defendant, JOHN M. DORGAN, the Plaintiff, ROBERT

POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count III the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, JOHN M. DORGAN, was a member of the COMMISSION.  Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

43.  That at all times relevant to the issues raised in this proceeding, the Defendant, JOHN M. DORGAN, was acting in furtherance of his duties as a member of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

44.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

45.  That by virtue of both the "Personnel Code" and CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

46.  That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would

afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

47.   That on or about May 15, 2003, the Defendant, JOHN M. DORGAN, voted to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

48.   That the Defendant, JOHN M. DORGAN, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to  his rights under the Fourteenth Amendment to the Constitution of the United States in that he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and thereafter failed to hear or consider any of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.  Thus, the Plaintiff, ROBERT POWERS, was denied a reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

49.   That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## COUNT IV

For his cause of action against the Defendant, BARBARA J. PETERSON, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count IV the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, BARBARA J. PETERSON, was a member of the COMMISSION.  Among other things she was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

43.  That at all times relevant to the issues raised in this proceeding, the Defendant, BARBARA J. PETERSON, was acting in furtherance of her duties as a member of the COMMISSION and the actions complained of in this count were undertaken by her under the color of law pursuant to her authority in that position.

44.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

45.  That by virtue of both the "Personnel Code" and CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

46.  That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his

employment with it, the COMMISSION, prior to effecting any termination for cause against the

Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would

afford him with both an opportunity to be made aware of the reasons discipline was contemplated

against him and a reasonable and meaningful opportunity to respond to those reasons before any

decision concerning discipline was made.

47.  That on or about May 15, 2003, the Defendant, BARBARA J. PETERSON, voted to

terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to

the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to

the approval of the discharge by the Director of CMS heard or considered any information presented

by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

48.  That the Defendant, BARBARA J. PETERSON, by her actions as described above

deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary

to his rights under the Fourteenth Amendment to the Constitution of the United States in that she

effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing

and thereafter failed to hear or consider any of the information presented by the Plaintiff, ROBERT

POWERS, at his pre-deprivation hearing.  Thus, the Plaintiff, ROBERT POWERS, was denied a

reasonable opportunity to respond to the allegations of misconduct made against him prior to the time

the termination decision was made.

49.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT

POWERS, has sustained the loss of certain economic benefits derived through the loss of his

employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish,

damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

**COUNT V**

For his cause of action against the Defendant, DAN P. FABRIZO, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count V the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at times relevant to this proceeding the Defendant, DAN P. FABRIZO, was a member of the COMMISSION.  Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

43.  That at all times relevant to the issues raised in this proceeding, the Defendant, DAN P. FABRIZO, was acting in furtherance of his duties as a member of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

44.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

45.  That by virtue of both the "Personnel Code" and CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause.  Accordingly, he possessed a property interest in his employment

with it.

46.  That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

47.  That on or about May 15, 2003, the Defendant, DAN P. FABRIZO, voted to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

48.  That the Defendant, DAN P. FABRIZO, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to  his rights under the Fourteenth Amendment to the Constitution of the United States in that he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and failed to thereafter hear or consider any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.  Thus, the Plaintiff, ROBERT POWERS, was denied reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

49.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT

POWERS, has sustained the loss of certain economic benefits derived through the loss of his

employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish,

damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of

life.

**COUNT VI**

For his cause of action against the Defendant, ROD BLAGOJEVICH, the Plaintiff, ROBERT

POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count VI the Plaintiff, ROBERT POWERS, incorporates

paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, ROD BLAGOJEVICH, was

acting in furtherance of his position as Governor of the State of Illinois and the actions complained of in

this count were undertaken by him under the color of law pursuant to his authority in that position.

43.  That on information and belief the Defendant, ROD BLAGOJEVICH, became aware that

the Plaintiff, ROBERT POWERS, had previously worked on the staff of the former Republican

Governor of Illinois.

44.  That after becoming aware of the information set forth in the preceding paragraph of the

complaint, the Defendant, ROD BLAGOJEVICH, directed, participated in, supported and encouraged

the termination of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the

COMMISSION.

45.  That the actions of the Defendant, ROD BLAGOJEVICH, as described above were

undertaken because of the former affiliation and association of the Plaintiff, ROBERT POWERS, with

Page 22 of  28

the Republican Party and violated certain rights of the Plaintiff, ROBERT POWERS, as protected under the First Amendment to the Constitution of the United States.

46.  That by virtue of the activities of the Defendant, ROD BLAGOJEVICH, as described above, the COMMISSION, through its members, decided to terminate the employment of the Plaintiff, ROBERT POWERS.

47.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, in addition to the loss of certain liberties to which he is entitled protection under the Constitution of the United States, did lose his employment and sustained loss of economic benefits arising out of his employment expectancies with the COMMISSION.  In addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and loss of the enjoyment of life.

## COUNT VII

For his cause of action against the Defendant, ALONZO MONK, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count VII the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, ALONZO MONK, was acting in furtherance of his position as Chief of Staff of the Governor of the State of Illinois and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

43.  That on information and belief the Defendant, ALONZO MONK, became aware that the

Plaintiff, ROBERT POWERS, had previously worked on the staff of the former Republican Governor.

44.  That after becoming aware of the information set forth in the preceding paragraph of the complaint, the Defendant, ALONZO MONK, directed, participated in, supported and encouraged the termination of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the COMMISSION.

45.  That the actions of the Defendant, ALONZO MONK, as described above were undertaken because of the former affiliation and association of the Plaintiff, ROBERT POWERS, with the Republican Party and violated certain rights of the Plaintiff, ROBERT POWERS, as protected under the First Amendment to the Constitution of the United States.

46.  That by virtue of the activities of the Defendant, ALONZO MONK, as described above, the COMMISSION, through its members, decided to terminate the employment of the Plaintiff, ROBERT POWERS.

47.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, in addition to the loss of certain liberties to which he is entitled protection under the Constitution of the United States, did lose his employment and sustained loss of economic benefits arising out of his employment expectancies with the COMMISSION.  In addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and loss of the enjoyment of life.

## COUNT VIII

For his cause of action against the Defendant, THOMAS LONDRIGAN, the Plaintiff, ROBERT POWERS, states as follows:

1-41.  For paragraphs 1 - 41 of Count VII the Plaintiff, ROBERT POWERS, incorporates paragraphs 1 - 41 above.

42.  That at all times relevant to this proceeding the Defendant, THOMAS LONDRIGAN, was acting in furtherance of his position as Counsel for the Governor of the State of Illinois and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

43.  That on information and belief the Defendant, THOMAS LONDRIGAN, became aware that the Plaintiff, ROBERT POWERS, had previously worked on the staff of the former Republican Governor.

44.  That after becoming aware of the information set forth in the preceding paragraph of the complaint, the Defendant, THOMAS LONDRIGAN, directed, participated in, supported and encouraged the termination of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the COMMISSION.

45.  That the actions of the Defendant, THOMAS LONDRIGAN, as described above were undertaken because of the former affiliation and association of the Plaintiff, ROBERT POWERS, with the Republican Party and violated certain rights of the Plaintiff, ROBERT POWERS, as protected under the First Amendment to the Constitution of the United States.

46.  That by virtue of the activities of the Defendant, THOMAS LONDRIGAN, as described above, the COMMISSION, through its members, decided to terminate the employment of the Plaintiff, ROBERT POWERS.

47.  That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT

POWERS, in addition to the loss of certain liberties to which he is entitled protection under the Constitution of the United States, did lose his employment and sustained loss of economic benefits arising out of his employment expectancies with the COMMISSION.  In addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and loss of the enjoyment of life.

WHEREFORE, the Plaintiff, ROBERT POWERS, respectfully requests that this Court enter judgment in his favor and against each of the Defendants and provide the following relief:

A.  Enter a declaratory judgment determining that the actions of the Defendants complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 1983 and 1988 and issue a mandatory injunction against the Defendants to refrain from engaging in any action with respect to the Plaintiff, ROBERT POWERS, which are prohibited under the terms of the foregoing laws;

B.  Issue a mandatory injunction directing the Defendants to reinstate the Plaintiff, ROBERT POWERS, to his position of employment with the COMMISSION which at the time of trial he would have held but for the conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C.  Award the Plaintiff, ROBERT POWERS, damages sufficient to compensate him for any economic losses suffered as a result of the conduct as alleged in this Complaint;

D.  Assess against the Defendants the costs and expenses incurred by the Plaintiff, ROBERT POWERS, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause;

E.  Assess against the Defendants and in favor of the Plaintiff, ROBERT POWERS, such

compensatory and exemplary damages as may be permitted by law; and

     F.  Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, ROBERT POWERS, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE TRIED BEFORE A JURY BE TRIED BY A JURY.

                  ROBERT POWERS


                  By:   s/ James P. Baker

                       James P. Baker
                       Bar Number: 0097802
                       Baker, Baker & Krajewski, LLC
                       415 South Seventh Street
                       Springfield, Illinois 62701
                       Telephone: (217) 522-3445
                       Facsimile: (217) 522-8234
                       E-mail: carenbakerlaw@sbcglobal.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Bilinsky
Assistant Attorney General
500 South Second Street
Springfield,  Illinois   62706

By:____s/ James P. Baker_____
      James P. Baker
      Bar Number: 0097802
      Baker, Baker & Krajewski, LLC
      415 South Seventh Street
      Springfield, Illinois 62701
      Telephone: (217) 522-3445
      Facsimile: (217) 522-8234
      E-mail: carenbakerlaw@sbcglobal.net
      (Complaint/powersramended 121304)