IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 04-3024 |
| | ) |
| GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, and DANFABRIZO, | ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Come now the defendants, GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, and DAN FABRIZO, by their attorney, Lisa Madigan, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to plaintiff's amended complaint represents unto the Court as follows:

1. Defendants admit that plaintiff was an adult resident of Sangamon County, Illinois, but denies the remaining allegations contained in paragraph 1 of plaintiff's amended complaint.

2. Defendants admit that Richards was the duly appointed Chairman of the Commission, and in that position he made decisions with respect to personnel matters involving the Commission. Defendants deny the remaining allegations contained in paragraph 2 of plaintiff's amended complaint.

3. Defendants admit that Ewell was a duly appointed member of the Commission and that in that position he might be involved in with decisions regarding personnel matters involving employees of the Commission. Defendants deny the

1

remaining allegations contained in paragraph 3 of plaintiff's amended complaint.

4. Defendants admit that Dorgan was a duly appointed member of the Commission and that in that position he could be involved in decisions regarding personnel matters involving employees of the Commission. Defendants deny the remaining allegations contained in paragraph 4 of plaintiff's amended complaint.

5. Defendants admit that Peterson was a duly appointed member of the Commission and that in that position she could be involved in decisions regarding personnel matters involving employees of the Commission. Defendants deny the remaining allegations contained in paragraph 5 of plaintiff's amended complaint.

6. Defendants admit that Fabrizo was a duly appointed member of the Commission and that in that position he could be involved in decisions regarding personnel matters involving employees of the Commission. Defendants deny the remaining allegations contained in paragraph 6 of plaintiff's amended complaint.

7. Defendants have no knowledge as to the allegations contained in paragraph 7 of plaintiff's amended complaint, and therefore must deny same at this time.

8. Defendants have no knowledge as to the allegations contained in paragraph 8 of plaintiff's amended complaint, and therefore must deny same at this time.

9. Defendants generally admit the allegations contained in paragraph 9 of plaintiff's amended complaint.

10. Defendants generally admit the allegations contained in paragraph 10 of plaintiff's amended complaint.

11. Defendants generally admit the allegations contained in paragraph 11 of plaintiff's amended complaint.

12. Defendants admit that the full time executive Secretary of the Commission was subject to the provisions of jurisdictions A, B, and C of the Personnel Code and are subject to certain personnel rules adopted by CMS.

13. Defendants admit that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause. Whether such provisions create a property interest is a legal question for the court to decide and is not an appropriate factual allegation and therefore defendants move to strike the last sentence of paragraph 13 of plaintiff's amended complaint.

14. Defendants do not know what plaintiff means when using the phrase "policy" and therefore must deny paragraph 14 of plaintiff's amended complaint at this time and demands strict proof thereof. Defendants do not know what the word "independent" is intended to mean by plaintiff, but to the extent that it conflicts with §415/2 or other provisions of the Code defendants deny same and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 of plaintiff's amended complaint.

16. Defendants deny the allegations contained in paragraph 16 of plaintiff's amended complaint.

17. Defendants admit that Robert Powers was an employee of the State and subject to the State Personnel Code while George Ryan was Governor, but denies the remaining allegations contained in paragraph 17 of plaintiff's amended complaint.

18. Defendants deny the allegations contained in paragraph 18 of plaintiff's

amended complaint.

19. Defendants deny the allegations contained in paragraph 19 of plaintiff's amended complaint.

20. Defendants generally admit the allegations contained in paragraph 20 of plaintiff's amended complaint.

21. Defendants have no direct knowledge as to the allegations contained in paragraph 21 of plaintiff's amended complaint and therefore must deny same at this time and demand strict proof thereof.

22. Defendants admit that the Personnel Code under §4(d)3 provides a process for exempting positions from jurisdiction B at the recommendation of CMS; and gives the Commission the power to approve or disapprove those exemptions. Without further reference, defendants must deny the remaining allegations contained in paragraph 22 of plaintiff's amended complaint and demand strict proof thereof.

23. Defendants admit the allegations contained in paragraph 23 of plaintiff's amended complaint.

24. Defendants have no knowledge of the allegations of paragraph 24 of plaintiff's amended complaint, and therefore must deny same at this time, and demand strict proof thereof.

25. Defendants have no knowledge of the allegations of paragraph 25 of plaintiff's amended complaint, and therefore must deny same at this time and demand strict proof thereof.

26. Defendants admit that the Commission was provided evidence that Robert Powers had violated the Personnel Code of the State and engaged in fraud while a state

employee and at the time this information was presented to them he was a state employee. Defendants deny the remaining allegations contained in paragraph 26 of plaintiff's amended complaint.

27. Defendants deny the allegations contained in paragraph 27 of plaintiff's amended complaint.

28. Defendants have no knowledge as to the allegations of paragraph 28 of plaintiff's amended complaint and therefore must deny same at this time and demand strict proof thereof.

29. Defendants deny the allegations contained in paragraph 29 of plaintiff's amended complaint.

30. Defendants admit that the Governor was pursuing a variety of legislation, but defendants deny the remaining stated or implied allegations of paragraph 30 of plaintiff's amended complaint.

31. Defendants deny the allegations contained in paragraph 31 of plaintiff's amended complaint.

32. Defendants have no knowledge as to the allegations of paragraph 32 of plaintiff's amended complaint, and therefore must deny same at this time and demand strict proof thereof.

33. Defendants have no knowledge as to the allegations of paragraph 33 of plaintiff's amended complaint, and therefore must deny same at this time and demand strict proof thereof.

34. Defendants admit the first two sentences of paragraph 34 of plaintiff's amended complaint, but deny the last sentence of paragraph 34.

35. Defendants generally admit the allegations contained in paragraph 35 of plaintiff's amended complaint.

36. Defendants deny the allegations contained in paragraph 36 of plaintiff's amended complaint.

37. Defendants deny the allegations contained in paragraph 37 of plaintiff's amended complaint.

38. Defendants admit that on May 15, 2003, they were in possession of an investigatory report prepared by employees of CMS, but deny that all of the employees who prepared the report were appointed to their positions by Rod Blagojevich. Defendants admit that the report related to the conduct of Robert Powers.

39. Defendants deny that plaintiff was never provided a copy of the investigatory report. Defendants deny all other express or implied allegations of paragraph 39 of plaintiff's amended complaint.

40. Defendants deny the allegations contained in paragraph 40 of plaintiff's amended complaint.

41. Defendants deny the allegations contained in paragraph 41 of plaintiff's complaint.

## **COUNT I**

1-41. Defendant repeats and restates his responses to paragraphs 1 through 41 as and for his responses to paragraphs 1 through 41 of Count I of plaintiff's amended complaint.

42. Defendant admits that he was the duly appointed Chairman of the Commission, and in that position he made decisions with respect to personnel matters

involving the Commission. Defendant denies the remaining allegations contained in paragraph 42 of plaintiff's amended complaint.

43. Defendant denies the allegations contained in paragraph 43 of plaintiff's amended complaint.

44. Defendant generally admits the allegations contained in paragraph 44 of plaintiff's amended complaint.

45. Defendant admits that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause. Whether such provisions create a property interest is a legal question for the court to decide and is not an appropriate factual allegation and therefore defendants move to strike the last sentence of paragraph 45 of plaintiff's amended complaint.

46. Defendant denies the allegations contained in paragraph 46 of plaintiff's amended complaint.

47. Defendant denies the allegations contained in paragraph 47 of plaintiff's amended complaint.

48. Defendant denies the allegations contained in paragraph 48 of plaintiff's amended complaint.

49. Defendant denies the allegations contained in paragraph 49 of plaintiff's amended complaint.

WHEREFORE, defendant prays that judgment be entered in his favor on Count I of the amended complaint and against plaintiff and that he be awarded his costs of suit.

## COUNT II

1-41.   Defendant repeats and restates his answers to paragraphs 1 through 41 of Count I, as and for his answers to paragraphs 1 through 41 of Count II.

42.   Defendant admits that he was a duly appointed member of the Commission and that in that position he could be involved in decisions regarding personnel matters involving employees of the Commission.  Defendant denies the remaining allegations contained in paragraph 42 of plaintiff's amended complaint.

43.   Defendant denies the allegations contained in paragraph 43 of Count II of plaintiff's amended complaint.

44.   Defendant generally admits the allegations contained in paragraph 44 of Count II of plaintiff's amended complaint.

45.   Defendant admits that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause.  Whether such provisions create a property interest is a legal question for the court to decide and is not an appropriate factual allegation and therefore defendant moves to strike the last sentence of paragraph 45 of Count II of plaintiff's amended complaint.

46.   Defendant denies the allegations contained in paragraph 46 of Count II of plaintiff's amended complaint.

47.   Defendant denies the allegations contained in paragraph 47 of Count II of plaintiff's amended complaint.

48.   Defendant denies the allegations contained in paragraph 48 of Count II of

plaintiff's amended complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Count II of plaintiff's amended complaint.

WHEREFORE, defendant prays that judgment be entered in his favor on Count II of the amended complaint and against plaintiff and that he be awarded his costs of suit.

## COUNT III

1-41.  Defendant repeats and restates his responses to paragraphs 1 through 41 of Count I, as and for his responses to paragraphs 1 through 41 of Count III.

42.     Defendant admits that Dorgan was a duly appointed member of the Commission and that in that position he could be involved in decisions regarding personnel matters involving employees of the Commission.  Defendants deny the remaining allegations contained in paragraph 42 of Count III of plaintiff's amended complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Count III of plaintiff's amended complaint.

44.     Defendant generally admits the allegations contained in paragraph 44 of Count III of plaintiff's amended complaint.

45.     Defendant admits that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause.  Whether such provisions create a property interest is a question for the court to decide and is not an appropriate factual allegation and therefore defendants move to strike the last sentence of paragraph 45 of Count III of plaintiff's amended complaint.

46. Defendant denies the allegations contained in paragraph 46 of Count III of plaintiff's amended complaint.

47. Defendant denies the allegations contained in paragraph 47 of Count III of plaintiff's amended complaint.

48. Defendant denies the allegations contained in paragraph 48 of Count III of plaintiff's amended complaint.

49. Defendant denies the allegations contained in paragraph 49 of Count III of plaintiff's amended complaint.

WHEREFORE, defendant prays that judgment be entered in his favor on Count III of the amended complaint and against plaintiff and that he be awarded his costs of suit.

## COUNT IV

1-41. Defendant repeats and restates his responses to paragraphs 1 through 41 of Count I, as and for her responses to paragraphs 1 through 41 of Count IV.

42. Defendant admits that she was a duly appointed member of the Commission and that in that position she might be involved in decisions regarding personnel matters involving employees of the Commission. Defendant denies the remaining allegations contained in paragraph 42 of Count IV of plaintiff's amended complaint.

43. Defendant denies the allegations contained in paragraph 43 of Count IV of plaintiff's amended complaint.

44. Defendant generally admits the allegations contained in paragraph 44 of Count IV of plaintiff's amended complaint.

45. Defendant admits that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges

for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause. Whether such provisions, create a property interest is a question for the court to decide and is not an appropriate factual allegation and therefore defendants move to strike the last sentence of paragraph 45 of Count IV of plaintiff's amended complaint.

46. Defendant denies the allegations contained in paragraph 46 of Count IV of plaintiff's amended complaint.

47. Defendant denies the allegations contained in paragraph 47 of Count IV of plaintiff's amended complaint.

48. Defendant denies the allegations contained in paragraph 48 of Count IV of plaintiff's amended complaint.

49. Defendant denies the allegations contained in paragraph 49 of Count IV of plaintiff's amended complaint.

WHEREFORE, defendant prays that judgment be entered in her favor on Count IV of the amended complaint and against plaintiff and that she be awarded her costs of suit.

### COUNT V

1-41. Defendant repeats and restates his answers to paragraphs 1 through 41 of Count I, as and for his responses to paragraphs 1 through 41 of Count V.

42. Defendant admits that he was a duly appointed member of the Commission and that in that position he could be involved in decisions regarding personnel matters involving employees of the Commission. Defendant denies the remaining allegations contained in paragraph 42 of Count V of plaintiff's amended complaint.

43. Defendant denies the allegations contained in paragraph 43 of Count V of

plaintiff's amended complaint.

44.   Defendant generally admits the allegations contained in paragraph 44 of Count V of plaintiff's amended complaint.

45.   Defendant admits that the Personnel Code provides that the Civil Service Commission has the jurisdiction to conduct a hearing to determine whether written charges for discharge as approved by the Director of CMS have been proved and whether said proven charges warrant the discharge of the employee for cause.  Whether such provisions, create a property interest is a question for the court to decide and is not an appropriate factual allegation and therefore defendant moves to strike the last sentence of paragraph 45 of Count V of plaintiff's amended complaint.

46.   Defendant denies the allegations contained in paragraph 46 of Count V of plaintiff's amended complaint.

47.   Defendant denies the allegations contained in paragraph 47 of Count V of plaintiff's complaint.

48.   Defendant denies the allegations contained in paragraph 48 of Count V of plaintiff's complaint.

49.   Defendant denies the allegations contained in paragraph 49 of Count V of plaintiff's complaint.

WHEREFORE, defendant prays that judgment be entered in his favor on Count V of the amended complaint and against plaintiff and that he be awarded his costs of suit.

## COUNT VI, VII, and VIII

Defendants make no response to Counts VI, VII, and VIII at this time since they do not appear to be directed at said defendants.

## AFFIRMATIVE DEFENSES

1. The defendants are immune from suit pursuant to the doctrine of sovereign immunity, public official immunity, qualified immunity and/or judicial immunity.

2. That to the extent plaintiff had any rights pursuant to the Fourteenth Amendment they were satisfied by the hearing in front of the Commission and/or the administrative review process.

3. That plaintiff's claims for injunctive and monetary relief are barred.

    Respectfully submitted,

    GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, and DAN FABRIZO,

        Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois,

        Attorney for Defendants,


By: /s/Matthew D. Bilinsky
    Matthew D. Bilinsky, #6217270
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois 62706
    217/782-5819

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2005, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

>James Baker
>carenbakerlaw@sbcglobal.net

and I hereby certify that on April 11 2005, I mailed by United States Postal Service, the document to the following non-registered participants:

>None

>Respectfully submitted,
>
>/s/Matthew D. Bilinsky
>Matthew D. Bilinsky
>Assistant Attorney General
>500 South Second Street
>Springfield, IL  62706
>Phone: (217) 782-5819
>Fax: (217) 524-5091
>E-Mail: mbilinsky@atg.state.il.us
>Attorney Bar #6217270