**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their Answer as if fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, JOHN M. DORGAN, was a member of the COMMISSION.  Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

**ANSWER:**    The State Officials admit that at certain times John M. Dorgan was a member of the Commission, and in that position he participated in certain decisions, along with other members of the Commission, regarding personnel matters involving the Commission, but the lack of any time frame or specification of the phrase "at all times relevant" in paragraph 42 renders the allegations therein too vague to permit an answer to, and the State Officials therefore deny them.  The State Officials deny any remaining allegations in paragraph 42.

43.    That at all times relevant to the issues raised in this proceeding, the Defendant, JOHN M. DORGAN, was acting in furtherance of his duties as a member of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

**ANSWER:**    The State Officials admit that at certain times in his employment with the Commission John M. Dorgan acted under the color of state law, but the lack of any time frame or specification of the phrase "at all times relevant" in paragraph 43 renders the allegations therein too vague to permit an answer to, and the State Officials therefore deny them.  The State Officials deny any remaining allegations in paragraph 43.

44.    That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

**ANSWER:**    The State Officials admit that at certain times the Executive Secretary of the Commission was subject to certain provisions of the Personnel Code and Personnel Rules, but the lack of any time frame or specification of the phrase "at all times pertinent" in paragraph 44

renders the allegations therein too vague to permit an answer to, and the State Officials therefore

deny them.

45.     That by virtue of both the "Personnel Code" and the CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

**ANSWER:**     The State Officials admit that the Personnel Code and Personnel Rules provide

the Commission with the jurisdiction to conduct hearings to determine whether written charges

for discharge, as approved by the Director of CMS, have been proved and whether said proven

charges warrant the "for cause" discharge of the plaintiff from the Executive Secretary position.

The State Officials deny any remaining allegations in paragraph 45.

46.     That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

**ANSWER:**     The State Officials deny the allegations in paragraph 46.

47.     That on or about May 15, 2003, the Defendant, JOHN M. DORGAN, voted to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

**ANSWER:**     The State Officials deny the allegations in paragraph 47.

48.     That the Defendant, JOHN M. DORGAN, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to his rights under the Fourteenth Amendment to the Constitution of the United States in that he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and thereafter failed to hear or consider any of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing. Thus, the Plaintiff, ROBERT POWERS, was denied a reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

**ANSWER:**     The State Officials deny the allegations in paragraph 48.

49.    That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

**ANSWER:**    The State Officials deny the allegations in paragraph 49.

## COUNT IV

1-41.  For paragraphs 1-41 of Count IV the Plaintiff, ROBERT POWERS, incorporates paragraphs 1-41 above.

**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their Answer as if

fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, BARBARA J. PETERSON, was a member of the COMMISSION.  Among other things she was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

**ANSWER:**    The State Officials admit that at certain times Barbara J. Peterson was a member

of the Commission, and in that position she participated in certain decisions, along with other

members of the Commission, regarding personnel matters involving the Commission, but the

lack of any time frame or specification of the phrase "at all times relevant" in paragraph 42

renders the allegations therein too vague to permit an answer to, and the State Officials therefore

deny them.  The State Officials deny any remaining allegations in  paragraph 42.

43.    That at all times relevant to the issues raised in this proceeding, the Defendant, BARBARA J. PETERSON, was acting in furtherance of her duties as a member of the COMMISSION and the actions complained of in this count were undertaken by her under the color of law pursuant to her authority in that position.

**ANSWER:**    The State Officials admit that at certain times in her employment with the

Commission Barbara J. Peterson acted under the color of state law, but the lack of any time

frame or specification of the phrase "at all times relevant" in paragraph 43 renders the allegations

-22-

therein too vague to permit an answer to, and the State Officials therefore deny them. The State

Officials deny any remaining allegations in paragraph 43.

44.    That at all times relevant to this proceeding the terms and conditions of the
employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by
both the "Personnel Code" and the CMS Personnel Rules.

**ANSWER:**    The State Officials admit that at certain times the Executive Secretary of the

Commission was subject to certain provisions of the Personnel Code and Personnel Rules, but

the lack of any time frame or specification of the phrase "at all times pertinent" in paragraph 44

renders the allegations therein too vague to permit an answer to, and the State Officials therefore

deny them.

45.    That by virtue of both the "Personnel Code" and the CMS Personnel Rules
referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his
employment with the COMMISSION absent good cause. Accordingly, he possessed a property
interest in his employment with it.

**ANSWER:**    The State Officials admit that the Personnel Code and Personnel Rules provide

the Commission with the jurisdiction to conduct hearings to determine whether written charges

for discharge, as approved by the Director of CMS, have been proved and whether said proven

charges warrant the "for cause" discharge of the plaintiff from the Executive Secretary position.

The State Officials deny any remaining allegations in paragraph 45.

46.    That by virtue of the property interest held by the Plaintiff, ROBERT POWERS,
in his employment with it, the COMMISSION, prior to effecting any termination for cause
against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary
hearing that would afford him with both an opportunity to be made aware of the reasons
discipline was contemplated against him and a reasonable and meaningful opportunity to respond
to those reasons before any decision concerning discipline was made.

**ANSWER:**    The State Officials deny the allegations in paragraph 46.

47.    That on or about May 15, 2003, the Defendant, BARBARA J. PETERSON, voted
to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION
prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time

-23-

thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

**ANSWER:**    The State Officials deny the allegations in paragraph 47.

48.    That the Defendant, BARBARA J. PETERSON, by her actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to his rights under the Fourteenth Amendment to the Constitution of the United States in that she effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and thereafter failed to hear or consider any of the information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing. Thus, the Plaintiff, ROBERT POWERS, was denied a reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

**ANSWER:**    The State Officials deny the allegations in paragraph 48.

49.    That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION. Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

**ANSWER:**    The State Officials deny the allegations in paragraph 49.

## COUNT V

1-41.    For paragraphs 1-41 of Count V the Plaintiff, ROBERT POWERS, incorporates paragraphs 1-41 above.

**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their Answer as if

fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, DAN P. FABRIZO, was a member of the COMMISSION. Among other things he was responsible for participating in decisions pertaining to personnel matters including decisions relating to the assessment of discipline against employees of the COMMISSION.

**ANSWER:**    The State Officials admit that at certain times Dan P. Fabrizo was a member of

the Commission, and in that position he participated in certain decisions, along with other

members of the Commission, regarding personnel matters involving the Commission, but the

lack of any time frame or specification of the phrase "at all times relevant" in paragraph 42

renders the allegations therein too vague to permit an answer to, and the State Officials therefore

deny them. The State Officials deny any remaining allegations in paragraph 42.

43.    That at all times relevant to the issues raised in this proceeding, the Defendant, DAN P. FABRIZO, was acting in furtherance of his duties as a member of the COMMISSION and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

**ANSWER:**    The State Officials admit that at certain times in his employment with the

Commission Dan P. Fabrizo acted under the color of state law, but the lack of any time frame or

specification of the phrase "at all times relevant" in paragraph 43 renders the allegations therein

too vague to permit an answer to, and the State Officials therefore deny them. The State

Officials deny any remaining allegations in paragraph 43.

44.    That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, ROBERT POWERS, with the COMMISSION were covered by both the "Personnel Code" and the CMS Personnel Rules.

**ANSWER:**    The State Officials admit that at certain times the Executive Secretary of the

Commission was subject to certain provisions of the Personnel Code and Personnel Rules, but

the lack of any time frame or specification of the phrase "at all times pertinent" in paragraph 44

renders the allegations therein too vague to permit an answer to, and the State Officials therefore

deny them.

45.    That by virtue of both the "Personnel Code" and the CMS Personnel Rules referred to above the Plaintiff, ROBERT POWERS, could not be terminated from his employment with the COMMISSION absent good cause. Accordingly, he possessed a property interest in his employment with it.

**ANSWER:**    The State Officials admit that the Personnel Code and Personnel Rules provide

the Commission with the jurisdiction to conduct hearings to determine whether written charges

for discharge, as approved by the Director of CMS, have been proved and whether said proven

-25-

charges warrant the "for cause" discharge of the plaintiff from the Executive Secretary position.

The State Officials deny any remaining allegations in paragraph 45.

    46.    That by virtue of the property interest held by the Plaintiff, ROBERT POWERS, in his employment with it, the COMMISSION, prior to effecting any termination for cause against the Plaintiff, ROBERT POWERS, was required to provide him with a pre-disciplinary hearing that would afford him with both an opportunity to be made aware of the reasons discipline was contemplated against him and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

**ANSWER:**    The State Officials deny the allegations in paragraph 46.

    47.    That on or about May 15, 2003, the Defendant, DAN P. FABRIZO, voted to terminate the Plaintiff, ROBERT POWERS, from his employment with the COMMISSION prior to the Plaintiff, ROBERT POWERS, receiving a pre-deprivation hearing and at no time thereafter prior to the approval of the discharge by the Director of CMS heard or considered any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing.

**ANSWER:**    The State Officials deny the allegations in paragraph 47.

    48.    That the Defendant, DAN P. FABRIZO, by his actions as described above deprived the Plaintiff, ROBERT POWERS, of a property interest without due process of law contrary to his rights under the Fourteenth Amendment to the Constitution of the United States in that he effectively decided to terminate the Plaintiff, ROBERT POWERS, prior to any pre-deprivation hearing and failed to thereafter hear or consider any information presented by the Plaintiff, ROBERT POWERS, at his pre-deprivation hearing. Thus, the Plaintiff, ROBERT POWERS, was denied reasonable opportunity to respond to the allegations of misconduct made against him prior to the time the termination decision was made.

**ANSWER:**    The State Officials deny the allegations in paragraph 48.

    49.    That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, has sustained the loss of certain economic benefits derived through the loss of his employment with the COMMISSION. Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

**ANSWER:**    The State Officials deny the allegations in paragraph 49.

## COUNT VI

    1-41.  For paragraphs 1-41 of Count VI the Plaintiff, ROBERT POWERS, incorporates paragraphs 1-41 above.

**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their

Answer as if fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, ROD
BLAGOJEVICH, was acting in furtherance of his position as Governor of the State of Illinois
and the actions complained of in this count were undertaken by him under the color of law
pursuit to his authority in that position.

**ANSWER:**    The State Officials admit that at certain times Governor Blagojevich in his

employment with the State acted under the color of State law, but the lack of any time frame or

specification of the phrase "at all times relevant" in paragraph 42 renders the allegations therein

too vague to permit an answer to, and the State Officials therefore deny them.

43.    That on information and belief the Defendant, ROD BLAGOJEVICH, became
aware that the Plaintiff, ROBERT POWERS, had previously worked on the staff of the former
Republican Governor of Illinois.

**ANSWER:**    The State Officials admit the allegations in paragraph 43.

44.    That after becoming aware of the information set forth in the preceding paragraph
of the complaint, the Defendant, ROD BLAGOJEVICH, directed, participated in, supported and
encouraged the termination of the Plaintiff, ROBERT POWERS, from his position as Executive
Secretary of the COMMISSION.

**ANSWER:**    The State Officials deny the allegations in paragraph 44.

45.    That the actions of the Defendant, ROD BLAGOJEVICH, as described above were
undertaken because of the former affiliation and association of the Plaintiff, ROBERT
POWERS, with the Republican Party and violated certain rights of the Plaintiff, ROBERT
POWERS, as protected under the First Amendment to the Constitution of the United States.

**ANSWER:**    The State Officials admit that under Rutan v. Republican Party of Illinois, 497

U.S. 62 (1990) the First Amendment provides some protection to low-level, non-confidential,

non-policy making government employees.  Answering further, the State Officials state that the

duties inherent in the Executive Secretary position of the Illinois Civil Service Commission are

prescribed in the official, written position description maintained as a public record under Illinois

law by CMS. The State Officials attach as Exhibits A and B to this Answer true and correct

copies of the official position description (the "Position Description") for the Executive

Secretary position in effect at the time the position was held by the plaintiff. Exhibit A is the

Position Description for the Executive Secretary position created in 1961 which was in effect at

the time the plaintiff was terminated in May 2003, and Exhibit B is the amendment to the

Position Description which was issued in 1967 and remained in effect until the plaintiff's

termination in May 2003. The State Officials also attach as Exhibit C to this Answer the current

Position Description for the Executive Secretary position of the Illinois Civil Service

Commission which became effective in November 2004. The State Officials deny, based on the

duties inherent in the attached official Position Descriptions, that the State Officials were not

permitted to take political considerations into account when making personnel decisions with

respect to the Executive Secretary position of the Illinois Civil Service Commission because the

position was exempt from Elrod v. Burns, 427 U.S. 347 (1976) under the exception outlined in

Branti v. Finkel, 445 U.S. 507 (1980). The State Officials deny any remaining allegations in

paragraph 45.

    46.    That by virtue of the activities of the Defendant, ROD BLAGOJEVICH, as
described above, the COMMISSION, through its members, decided to terminate the employment
of the Plaintiff, ROBERT POWERS.

**ANSWER:**    The State Officials deny the allegations in paragraph 46.

    47.    That as a direct and proximate result of the foregoing conduct the Plaintiff,
ROBERT POWERS, in addition to the loss of certain liberties to which he is entitled protection
under the Constitution of the United States, did lose his employment and sustained loss of
economic benefits arising out of his employment expectancies with the COMMISSION. In
addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his
reputation and loss of the enjoyment of life.

**ANSWER:**    The State Officials deny the allegations in paragraph 47.

-28-

## COUNT VII

1-41.   For paragraphs 1-41 of Count VII the Plaintiff, ROBERT POWERS, incorporates paragraphs 1-41 above.

**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their

Answer as if fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, ALONZO MONK, was acting in furtherance of his position as Chief of Staff of the Governor of the State of Illinois and the actions complained of in this count were undertaken by him under the color of law pursuit to his authority in that position.

**ANSWER:**    The State Officials admit at certain times Alonzo Monk in his employment with

the State acted under the color of State law, but the lack of any time frame or specification of the

phrase "at all times relevant" in paragraph 42 renders the allegations therein too vague to permit

an answer to, and the State Officials therefore deny them paragraph 42.

43.    That on information and belief the Defendant, ALONZO MONK, became aware that the Plaintiff, ROBERT POWERS, had previously worked on the staff of the former Republican Governor.

**ANSWER:**    The State Officials admit the allegations in paragraph 43.

44.    That after becoming aware of the information set forth in the preceding paragraph of the complaint, the Defendant, ALONZO MONK, directed, participated in, supported and encouraged the termination of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the COMMISSION.

**ANSWER:**    The State Officials deny the allegations in paragraph 44.

45.    That the actions of the Defendant, ALONZO MONK, as described above were undertaken because of the former affiliation and association of the Plaintiff, ROBERT POWERS, with the Republican Party and violated certain rights of the Plaintiff, ROBERT POWERS, as protected under the First Amendment to the Constitution of the United States.

**ANSWER:**    The State Officials admit that under Rutan v. Republican Party of Illinois, 497

U.S. 62 (1990) the First Amendment provides some protection to low-level, non-confidential,

non-policy making government employees.  Answering further, the State Officials state that the

duties inherent in the Executive Secretary position of the Illinois Civil Service Commission are

prescribed in the official, written position description maintained as a public record under Illinois

law by CMS.  The State Officials attach as Exhibits A and B to this Answer true and correct

copies of the official position description (the "Position Description") for the Executive

Secretary position in effect at the time the position was held by the plaintiff.  Exhibit A is the

Position Description for the Executive Secretary position created in 1961 which was in effect at

the time the plaintiff was terminated in May 2003, and Exhibit B is the amendment to the

Position Description which was issued in 1967 and remained in effect until the plaintiff's

termination in May 2003.  The State Officials also attach as Exhibit C to this Answer the current

Position Description for the Executive Secretary position of the Illinois Civil Service

Commission which became effective in November 2004.  The State Officials deny, based on the

duties inherent in the attached official Position Descriptions, that the State Officials were not

permitted to take political considerations into account when making personnel decisions with

respect to the Executive Secretary position of the Illinois Civil Service Commission because the

position was exempt from Elrod v. Burns, 427 U.S. 347 (1976) under the exception outlined in

Branti v. Finkel, 445 U.S. 507 (1980).  The State Officials deny any remaining allegations in

paragraph 45.

     46.     That by virtue of the activities of the Defendant, ALONZO MONK, as described above, the COMMISSION, through its members, decided to terminate the employment of the Plaintiff, ROBERT POWERS.

**ANSWER:**     The State Officials deny the allegations in paragraph 46.

     47.     That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, in addition to the loss of certain liberties to which he is entitled protection under the Constitution of the United States, did lose his employment and sustained loss of economic benefits arising out of his employment expectancies with the COMMISSION.  In addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and loss of the enjoyment of life.

-30-

**ANSWER:**    The State Officials deny the allegations in paragraph 47.

## COUNT VIII

1-41.    For paragraphs 1-41 of Count VIII the Plaintiff, ROBERT POWERS, incorporates paragraphs 1-41 above.

**ANSWER:**    The State Officials incorporate and re-assert paragraphs 1-41 of their Answer as if

fully set forth herein.

42.    That at all times relevant to this proceeding the Defendant, THOMAS LONDRIGAN, was acting in furtherance of his position as Counsel for the Governor of the State of Illinois and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

**ANSWER:**    The State Officials admit that at certain times Thomas Londrigan in his

employment with the State acted under color of State law, but the lack of any time frame or

specification of the phrase "at all times relevant" in paragraph 42 renders the allegations therein

too vague to permit an answer to, and the State Officials therefore deny them. The State

Officials deny any remaining allegations in paragraph 42.

43.    That on information and belief the Defendant, THOMAS LONDRIGAN, became aware that the Plaintiff, ROBERT POWERS, had previously worked on the staff of the former Republican Governor.

**ANSWER:**    The State Officials admit the allegations in paragraph 43.

44.    That after becoming aware of the information set forth in the preceding paragraph of the complaint, the Defendant, THOMAS LONDRIGAN, directed, participated in, supported and encouraged the termination of the Plaintiff, ROBERT POWERS, from his position as Executive Secretary of the COMMISSION.

**ANSWER:**    The State Official deny the allegations in paragraph 44.

45.    That the actions of the Defendant, THOMAS LONDRIGAN, as described above were undertaken because of the former affiliation and association of the Plaintiff, ROBERT POWERS, with the Republican Party and violated certain rights of the Plaintiff, ROBERT POWERS, as protected under the First Amendment to the Constitution of the United States.

**ANSWER:**    The State Officials admit that under <u>Rutan v. Republican Party of Illinois</u>, 497 U.S. 62 (1990) the First Amendment provides some protection to low-level, non-confidential, non-policy making government employees.  Answering further, the State Officials state that the duties inherent in the Executive Secretary position of the Illinois Civil Service Commission are prescribed in the official, written position description maintained as a public record under Illinois law by CMS.  The State Officials attach as Exhibits A and B to this Answer true and correct copies of the official position description (the "Position Description") for the Executive Secretary position in effect at the time the position was held by the plaintiff.  Exhibit A is the Position Description for the Executive Secretary position created in 1961 which was in effect at the time the plaintiff was terminated in May 2003, and Exhibit B is the amendment to the Position Description which was issued in 1967 and remained in effect until the plaintiff's termination in May 2003.  The State Officials also attach as Exhibit C to this Answer the current Position Description for the Executive Secretary position of the Illinois Civil Service Commission which became effective in November 2004.  The State Officials deny, based on the duties inherent in the attached official Position Descriptions, that the State Officials were not permitted to take political considerations into account when making personnel decisions with respect to the Executive Secretary position of the Illinois Civil Service Commission because the position was exempt from <u>Elrod v. Burns</u>, 427 U.S. 347 (1976) under the exception outlined in <u>Branti v. Finkel</u>, 445 U.S. 507 (1980).  The State Officials deny any remaining allegations in paragraph 45.

46.    That by virtue of the activities of the Defendant, THOMAS LONDRIGAN, as described above, the COMMISSION, through its members, decided to terminate the employment of the Plaintiff, ROBERT POWERS.

**ANSWER:**    The State Officials deny the allegations in paragraph 46.

47.    That as a direct and proximate result of the foregoing conduct the Plaintiff, ROBERT POWERS, in addition to the loss of certain liberties to which he is entitled protection under the Constitution of the United States, did lose his employment and sustained loss of economic benefits arising out of his employment expectancies with the COMMISSION. In addition, he suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and loss of the enjoyment of life.

**ANSWER:**    The State Officials deny the allegations in paragraph 47.

### Affirmative Defenses

1.    The plaintiff's Complaint fails to state a claim for which relief can be granted because plaintiff was exempt from the protections of <u>Rutan v. Republican Party</u>, 497 U.S. 62 (1990), and plaintiff's termination conformed with all the requirements of the Illinois Personnel Code and the Personnel Rules.

2.    The plaintiff's complaint fails to state a claim for which relief can be granted because, to the extent plaintiff had any due process rights pursuant to the Fourteenth Amendment, they were satisfied by the hearing in front of the Commission and/or the administrative review process.

3.    Damages against the State Officials in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

4.    Damages against the State Officials in their individual capacities are barred by the doctrine of qualified immunity.

5.    Plaintiff has failed to mitigate his damages.

-33-

WHEREFORE, the State Officials respectfully request that this Court enter judgment on their behalf and against the plaintiff, and order such other relief as the Court may deem equitable, just, and proper.

THE STATE OFFICIALS DEMAND A TRIAL BY JURY ON ALL CLAIMS ASSERTED AGAINST THEM.

Respectfully submitted,

ROD R. BLAGOJEVICH, GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARBARA J. PETERSON, DAN P. FABRIZO, THOMAS LONDRIGAN and ALONZO MONK

Dated:  August 23, 2005            By:      David Jiménez-Ekman
                                             One of Their Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
Acting as Special Assistant Attorneys General
John R. Storino
Christopher V. Parente
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

-34-

## CERTIFICATION OF SERVICE

I hereby certify that on Tuesday, August 23, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


James P. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL 62701


s/ David Jiménez-Ekman
David Jiménez-Ekman
Bar Number:  6210519
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484