E-FILED
Monday, 06 February, 2006  04:21:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 04-3024 |
| | ) | |
| GEORGE E. RICHARDS, RAYMOND W. | ) | Honorable Jeanne E. Scott |
| EWELL, JOHN M. DORGAN, BARBARA | ) | |
| J. PETERSON, DAN P. FABRIZO, ROD | ) | |
| BLAGOJEVICH, THOMAS LONDRIGAN | ) | |
| and ALONZO MONK, | ) | |
| | ) | |
| Defendants. | ) | |

### STATE OFFICIALS' MOTION FOR SUMMARY JUDGMENT

George E. Richards, Raymond W. Ewell, John M. Dorgan, Barbara J. Peterson, Dan P. Fabrizo, Governor Rod R. Blagojevich, Thomas Londrigan, and Alonzo Monk, (collectively the "State Officials"), by their attorneys, respectfully move this Court, under Federal Rule of Civil Procedure 56, for the entry of an order granting summary judgment in favor of the State Officials and against Plaintiff Robert Powers ("Powers") on Counts I through VIII of his Complaint. In support of this motion, the State Officials state:

1. Powers was employed by the Illinois Civil Service Commission ("Commission") as its Executive Secretary. Plaintiff alleges that he is entitled to relief because, after the gubernatorial administration changed in 2003, he was terminated from his position for political reasons.

2. All of Plaintiff's alleged causes of action are subject to this motion: three for an alleged unconstitutional patronage dismissal (Counts VI-VIII), and five for an alleged dismissal without due process (Counts I-V).

3.      The State Officials are entitled to summary judgment on the patronage claims (Counts VI-VIII) because the duties inherent in Plaintiff's former Executive Secretary position, as specified in the official Illinois Department of Central Management Services ("CMS") Position Description, include substantial policymaking and policy implementing functions. The Position Description has been authenticated by an affidavit attached to the Memorandum of Law in Support of the State Officials' Motion for Summary Judgment. Even assuming (for argument sake only) that Plaintiff's allegations were true[1], based on the official CMS Position Description, the duties inherent in Plaintiff's former Executive Secretary position make political affiliation an "appropriate requirement" for the position, and, therefore, the State Officials were entitled to consider political affiliation when terminating Plaintiff. Branti v. Finkel, 445 U.S. 507, 518 (1980); Riley v. Blagojevich, 425 F.3d 357, 364-65 (7th Cir. 2005); Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 756-57 (7th Cir. 2002); Utley v. Monk, No. 05-3017, 2005 WL 3478844 at *4 (C.D. Ill. Dec. 20, 2005). The new administration was constitutionally permitted to make employment decisions regarding Plaintiff's position, if it chose, based on Plaintiff's political affiliation. The State Officials' reliance on the official CMS Position Description is directly supported by the Seventh Circuit's recent opinion in Riley, and Your Honor's recent decision in Utley.

---

[1] While the State Officials argue that Plaintiff's patronage claims fail because his former Executive Secretary position was Branti-exempt, they deny that Plaintiff was terminated as a result of his political affiliation. Rather, Plaintiff was terminated for fraudulently executing CMS personnel transactions while a State employee. Indeed, at his pre-deprivation and post-deprivation hearings, Plaintiff admitted to signing official CMS personnel forms as the "Director of Central Management Services" even though he was not the Director of CMS and knew that the Director of CMS had refused to sign these forms. (11/7/03 Order at 3-4; 6/27/03 Tr. at 34:13-22 & 37:23-41:11; Richards Aff. ¶ 10). This was the reason for Plaintiff's termination, not his political affiliation.

4. The State Officials are entitled to Summary Judgment on the due process claims (Counts I-V) because there is no dispute of material fact that Plaintiff received all the process he was due under the law, including advanced notice of the charges and evidence against him, a pre-deprivation hearing in which he had an opportunity to refute the charges, consideration of the charges by the Commission, review of the Commission's decision by the Director of CMS, a full trial at his post-deprivation hearing, and an appeal of the decision. Cleveland Board of Ed. v. Loudermill, 470 U.S. 532 (1982); Gilbert v. Homar, 520 U.S. 924, 930 (1997).

5. Alternatively, the Court should enter summary judgment on Plaintiff's damages claims in all counts under the doctrine of qualified immunity because it was not clearly established at the time of the State Officials' actions that their alleged conduct was unconstitutional. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); McGrath v. Gillis, 44 F.3d 567, 572 (7th Cir. 1995).

6. In further support of this motion, the State Officials submit the accompanying memorandum of law (with exhibits) including the State Officials' Statement of Facts.

WHEREFORE, the State Officials respectfully request that the Court enter summary judgment in favor of the State Officials and against Plaintiff on all the claims in his Complaint, or, in the alternative, enter summary judgment in favor of the State Officials on Plaintiff's damages claims under the doctrine of qualified immunity.

          Respectfully submitted:

          GEORGE E. RICHARDS, RAYMOND W. EWELL, JOHN M. DORGAN, BARABARA J. PETERSON, DAN P. FABRIZO, ROD BLAGOJEVICH, THOMAS LONDRIGAN and ALONZO MONK

Dated: February 6, 2006        By:   s/ Jeffrey D. Colman
                                                                      One of Their Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
John R. Storino
Christopher V. Parente
Acting as Special Assistant Attorneys General
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

**CERTIFICATION OF SERVICE**

      I, Jeffrey D. Colman, hereby certify that on Monday, February 6, 2006, I electronically filed the foregoing State Officials' Motion For Summary Judgment and accompanying memorandum of law (with exhibits) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James P. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL 62701

s/ Jeffrey D. Colman
Jeffrey D. Colman
Bar Number: 0491160
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484