# EXHIBIT 3

NOV 14 2003

BEFORE THE CIVIL SERVICE COMMISSION, STATE OF ILLINOIS

IN THE MATTER OF: )
)
THE ILLINOIS CIVIL SERVICE COMMISSION, )
)
          Petitioner, )   No. DA-104-03
)
v. )   Administrative Law Judge:
)   *William F. Trapp*
ROBERT B. POWERS, )
)
          Respondent. )

REPRESENTING PETITIONER: Honorable Lisa Madigan, Illinois Attorney General, 500 South Second Street, Springfield, Illinois 62706; Mr. Matthew Bilinsky, Assistant Attorney General

REPRESENTING RESPONDENT: Law Offices of James P. Baker, 415 S. Seventh Street, Springfield, Illinois 62701; Mr. James P. Baker

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDED DECISION OF ADMINISTRATIVE LAW JUDGE

### I. ISSUES PRESENTED.

Evidence in this case was taken at hearings conducted on June 27, 2003 and September 10, 2003. At the June hearing, the Petitioner presented testimony of Respondent Robert B. Powers and Chairman George Richards. Joint Exhibit 1, Group Exhibits 2, 3 and 4, and Exhibits 8, 9, and 10 were admitted into evidence, with Exhibits 9 and 10 admitted for a limited purpose and not for the truth or falsity of the statements made therein. Also, Respondent's Exhibits 1, 2 and 3 were admitted. The Petitioner then rested.

Respondent presented his case on September 10, 2003. Witnesses called by the Respondent included Debbie Hensey and Mr. Powers. The Respondent then rested, with no

additional Exhibits being offered. No rebuttal testimony was presented by the Petitioner, and the proofs were terminated.

The key documents in this case are Group Exhibits 2, 3 and 4. Group Exhibit 2 is a series of CMS forms relating to position changes for Susan Gowen. Group Exhibit 3 contains similar forms for Frank Cavellaro. Group Exhibit 4 contains similar forms for Lori Skinner. All three of these exhibits contain a CMS-2 form which is used by the Department of Central Management Services relating to job or personnel changes.

Gowen, Cavellaro and Skinner were all employees of CMS. In mid-September 2002, all temporarily resigned their term appointments, were given a new job title which they then resigned, and then were given new term appointments, all within the space of a few days. Respondent Robert B. Powers signed the CMS-2 forms relating to these transactions in the space allotted to the "Director of Central Management Services." Mr. Powers' assistant, Sarajane Wright, signed the name "Diane Ford" on the CMS-2 forms in the box labeled "Agency Head Approval." It is undisputed that Mr. Powers was not the Director of CMS, nor was Diane Ford the Head of that Agency. The issue in this case is whether Mr. Powers was properly discharged by the Commission for his complicity in facilitating this scheme.

The Amended Charges relevant to this case are as follows:

"Robert Powers is hereby discharged from his position as Executive Secretary of the Civil Service Commission for one or more of the following reasons:

1.   On or about September 6, 2002 through September 13, 2002, you signed your name in the box labeled "Director of Central Management Services" on the Personnel Action Forms (CMS-2) for Central Management Services' (CMS) employees Frank Cavellaro, Susan Gowen and Lori Skinner, such that review of the form would make it appear as if you were the

2

Director of CMS. Your actions constitute an unlawful act under the Personnel Code in violation of 20 ILCS 415/13.

2. On or about August 16, 2002 through September 30, 2002 you directed and/or were personally involved in a series of four employment transactions with regard to one or more of the following CMS employees: Frank Cavellaro, Susan Gowen and Lori Skinner. Such conduct and/or directions were entered into in an attempt to circumvent and avoid public policy, and the clear intent of Ill.Admin-Code, Title 80, Section 302.820, which is conduct rendering you incapable of fulfilling the job of upholding the Personnel Code of the State of Illinois.

WHEREFORE, based upon one or more of the foregoing, you have engaged in acts which violated the Personnel Code, rules and/or public policy of the State of Illinois. In your role as Executive Secretary of the Civil Service Commission you are charged with interpreting and upholding Personnel Code and rules in addition to adhering to public policy. Your actions constitute substantial shortcomings which render continued employment by the State of Illinois a detriment to the discipline and efficiency of your position as Executive Secretary. Pursuant to Ill. Admin Code, Title 80, Section 302.700, and Ill. Admin Code, Title 80, Rule 20, your actions, as described above, constitute cause for discharge."

Based upon all evidence presented, the Exhibits, and the arguments of counsel, the Administrative Law Judge hereby makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT.

1. Robert Powers served as Executive Secretary of the Illinois Civil Service Commission from October 1, 2002 through May 30, 2003.

2. Robert Powers worked as Deputy Counsel over Personnel for the Governor's Office from January 16, 1999 until approximately August 16, 2002.

3

......... ......... .., .... ... ...... ., ..... Respondent worked for CMS as a Senior Public Service Administrator.

4. Respondent Robert Powers has never been the Director of Central Management Services.

5. Sarajane Wright was a member of Robert Powers' staff, and all contacts she had with Central Management Services would have been at Mr. Powers' instruction.

6. Mr. Powers signed all of the CMS-2 forms in Group Exhibits 2, 3 and 4 in the box labeled with the title "Director of Central Management Services."

7. Sarajane Wright, Robert Powers' assistant, signed Diane Ford's name to the CMS-2 forms in Exhibits 2, 3 and 4 in the box labeled with the title "Agency Head Approval."

8. Robert Powers was informed by Debbie Hensey that the Director of Central Management Services would not sign the CMS-2 forms relating to employees Gowen, Cavellaro and Skinner and did not want his name to appear on those forms

9. Prior to September 20002 Robert Powers had never signed documents in the signature block titled "Director of Central Management Services."

10. The Commission voted for George Richards to hold a pre-termination/pre-disciplinary hearing on this matter and gave him the power to impose discipline up to and including discharge.

11. Mr. Richards conducted the pre-disciplinary hearing of Mr. Powers on May 29, 2003.

12. Mr. Powers informed George Richards that he knew the Director of CMS, Michael Schwartz, would not sign the forms and that Powers then signed the forms.

4

13. Mr. Powers told George Richards that he had the authority to sign as the Director of CMS because he was an Associate Director.

14. In 2002, the Director of Central Management Services was Michael Schwartz.

15. In Group Exhibits 2, 3 and 4, which covers CMS employees, the CMS-2 forms have the signatures of Robert Powers and Sarajane Wright in the boxes entitled "Director of Central Management Services" and "Agency Head Approval" when those persons were not the Director of CMS or the Head of the Agency.

16. The Commission relies on the Executive Secretary to operate independently and to provide accurate and truthful information.

17. Based on Mr. Powers' involvement with the documents in Group Exhibits 2, 3 and 4 and his charge to uphold the Personnel Code and its Rules, the Commission was correctly concerned about his ability to perform his job.

18. With regard to the box labeled "Director of Central Management Services" of the CMS-2 forms in Group Exhibits 2, 3 and 4, it appears that the person signing them is signing as the Director of CMS.

19. Director Schwartz stated that he would not sign the documents in Group Exhibits 2, 3 and 4, and he specifically instructed that his signature authority was not to be exercised on those documents.

20. The transactions designated by Group Exhibits 2, 3 and 4 are not common, and Debbie Hensey had never processed such a series of transactions for CMS employees.

21. The persons named in Group Exhibits 2, 3 and 4 had not completed their four year term appointments at the time of the transactions described in those documents.

5

22. Debbie Hensey testified that the Director is the only person who can make term appointments under Section 302.820, and Director Schwartz did not make the appointments depicted by Group Exhibits 2, 3 and 4.

23. In the opinion of Debbie Hensey, the transactions in Group Exhibits 2, 3 and 4 violate Section 302.820 since such Section requires the Director to make appointments, and Director Schwartz did not make the appointments in this case.

24. The employees named in Group Exhibits 2, 3 and 4 did not actually leave their job positions or break their services as those Group Exhibits indicate.

25. Debbie Hensey was the Bureau Manager of Personnel for Central Management Services in September 2002.

26. In this position, Ms. Hensey acted as manager over the Personnel Code and Rules.

27. Group Exhibits 2, 3 and 4 involve transactions of three employees of Central Management Services, Ms. Gowen, Ms. Skinner and Mr. Cavellaro.

28. Director Schwartz would not sign the CMS-2 forms on the Central Management Services employees, which is required in order to establish Agency head approval.

29. Director Schwartz refused to have his signature appear on Exhibits 2, 3 and 4.

30. There are no marks on Group Exhibits 2, 3 or 4 to indicate that the person signing the CMS-2 forms in the box labeled "Director of Central Management Services" is not the Director of CMS.

31. By law, CMS is required to maintain these CMS-2 forms and makes them available to the public.

6

32. 20 ILCS 415/14 requires "that the records of the Department of Central Management Services shall be maintained as a matter of public policy and made open to public inspection."

33. Ms. Hensey is familiar with Section 302.820 of the Code.

34. Section 302.820 is the appointment provision of the Personnel Code which directs an appointee to a position subject to a term appointment shall be selected by the Director or the Chairman of the Department, Board or Commission in which the position is located from the appropriate competitive list, and the terms shall be for a four year term commencing on the date of appointment.

35. Director Schwartz never appointed Susan Gowen, Frank Cavellaro or Lori Skinner to the positions set forth in Group Exhibits 2, 3 and 4.

## II. CONCLUSIONS OF LAW.

1. 20 ILCS 415/13 provides, in part, as follows:

(1) No person shall make any false statement, certificate, mark, rating, or report with regard to any test, certification or appointment made under any provision of this law, or in any manner commit or attempt to commit any fraud preventing the impartial execution of this law and the rules.

. . .

(3) No person shall defeat, deceive, or obstruct any person in his right to examination, eligibility, certification, or appointment under this law or furnish to any person any special or secret information for the purpose of affecting the rights or prospects of any person with respect to employment in the State service.

2. Ill. Admin Code, Title 80, Section 302.820 provides as follows:

(a) An appointee to a position subject to Term Appointment shall be selected by the Director or Chairman of the Department, Board or Commission in which the position is located from the appropriate open competitive or competitive promotional eligible list. Such appointment shall be made for a four year term commencing on the date of the appointment.

7

3. Ill. Admin. Code, Title 80, Section 302.700, "Cause for Discharge," provides as follows:

> Cause for discharge consists of some substantial shortcoming which renders the continuance of an employee in a State position in some way detrimental to the discipline and/or efficiency of the service and which the law or sound public opinion recognize as good cause for the employee no longer be holding that position.

4. Ill. Admin Code, Title 80, Rule 20 provides as follows:

Rule 20 Cause for Discharge:

(a) Cause for discharge consists of some substantial shortcoming which renders the employee's continuance in his position in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for the employee no longer holding the position.

(b) In determining the appropriate penalty for an offense of which the employee is found guilty, the Commission shall consider the employee's performance record and the employee's length of continuous service unless the offense would award immediate discharge.

5. The act by which Respondent signed his name in the space reserved for Director of Central Management Services constituted a false statement or mark under 20 ILCS 415/13 because Mr. Powers was not the Director of the Department of Central Management Services. Furthermore, Mr. Powers' acquiescence in the statement made by Sarajane Wright in signing the name of Diane Ford was also false in that Mr. Powers knew that neither Sarajane Wright nor Diane Ford was head of the Department of Central Management Services. Thus, Respondent committed an unlawful act.

6. The writings made by Mr. Powers on the CMS-2 forms violate Section 80 Ill. Admin. Code 302.820 because only the Director of the Department of Central Management Services may make term appointments. In this case, Mr. Powers was specifically aware that

8

Director Schwartz was unwilling to make these appointments. The actions of Mr. Powers in this regard violate the language and purpose of Section 302.820.

7. The acts of Mr. Powers constituted proper grounds for discharge pursuant to 80 Ill. Admin. Code 20 and pursuant to Ill. Admin. Code, Title 80, Section 302.700. Mr. Powers either failed to understand or ignored legal requirements.

8. The pre-termination proceedings did not violate fundamental due process.

9. It was not error to impose the discipline of discharge, based upon the facts in this case.

## RECOMMENDED DECISION

It is the recommended finding that the written charges for discharge approved by the Director of Central Management Services, State of Illinois, have been proved and that said proven charges warrant the discharge of the Respondent, Robert B. Powers, from his position of Executive Secretary of the Illinois Civil Service Commission.

_____
William F. Trapp, appointed Administrative Law Judge

Entered this 7th of November, 2003.