E-FILED
Thursday, 09 March, 2006  03:30:10 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

ROBERT POWERS,             )
                                     )
           Plaintiff,       )
                                     )
         v.              )     Case No. 04-3024
                                     )
GEORGE E. RICHARDS, RAYMOND W.  )
EWELL, JOHN M. DORGAN, BARBARA J.  )
PETERSON, DAN P. FABRIZO, ROD    )
BLAGOJEVICH, THOMAS LONDRIGAN and  )
ALONZO MONK,                )
                                     )
           Defendants.    )

## AFFIDAVIT OF ROBERT POWERS

STATE OF ILLINOIS     )
                     ) ss
COUNTY OF SANGAMON )

Robert Powers, being duly sworn upon his oath, deposes and states as follows:

1. I am an adult resident of Sangamon County, Illinois. I am the Plaintiff in the above captioned proceeding.

2. I served as Executive Secretary for the Illinois Civil Service Commission ["Commission"] from October of 2002 until May 30, 2003 when I was terminated from that position.

3. Prior to working at the Commission I was a Deputy Director of the Illinois Department of Central Management Services ["CMS"]. Before that I served in the office of the Governor of the state of Illinois for a little over three and one half years where I had

Page 1 of 6


EXHIBIT
1

personnel related responsibilities.

4.     Through my positions at the Commission, CMS and the Governor's office I became aware of positions which were subject to the terms of the "Personnel Code" [20 ILCS 415/1 et.al.] and positions which were exempt from the coverage of that law.

5.     I am aware that the Commission has determined that both wardens and assistant wardens of the Illinois Department of Corrections are exempt from the "Personnel Code" under Section 4d(3) of that law. Those individuals served at the will of both the Governor and that Department.

6.     I am aware that a person holding the position of deputy general counsel of the Illinois Department of Professional Regulation is by virtue of Section 4d(5) of the "Personnel Code" partially exempt from the coverage of that law. A person holding such a position does not have to go through the open competitive examination and selection process to secure his position.

7.     From my work as Executive Secretary of the Commission I am aware that in early April of 2003 there were approximately four hundred (400) positions in state government which were exempt from the coverage of the "Personnel Code" by virtue of Section 4d(3) of that law.

8.     At the April 2003 monthly meeting of the Commission Sarajane Wright, an employee of the Commission, and I were placed on administrative leave. At that time I was aware through my conversations with George Richards, the Commission chairman, that representatives of the Governor's office wished to have my employment with the Commission terminated. At the time we were placed on administrative leave I was told

by Chairman Richards that the Illinois State Police was going to conduct an investigation

into allegations that I had engaged in misconduct while employed by CMS.  At no time

have I ever been contacted by a representative of the Illinois State Police in connection

with such an investigation.

9.   At some time in mid-May 2003 I received notice of a pre-disciplinary hearing scheduled

for me on May 29, 2003.  Included with that notice were proposed charges of misconduct

alleged against me.  Appended to this instrument as Exhibit A is a notice I received

following May 30, 2003 of my termination from employment with the Commission.  The

charges affixed to that notice are identical to the charges I received notifying me of my

pre-deprivation hearing.

10.   At no time prior to my pre-deprivation hearing did I receive a copy of any investigation

conducted by Edward Winn of CMS or any other official of CMS relating to my conduct.

Although I eventually received a copy of such a document through discovery in my

discharge appeal to the Commission, I did not receive that document until after my

employment with the Commission had been terminated.  I did not have access to that

document at the time of my pre-deprivation hearing.

11.   I attended my pre-deprivation hearing in Springfield on May 29, 2003.  The only member

of the Commission in attendance was George Richards, its Chairperson.

12.   The charges I was provided prior to the pre-deprivation hearing accused me of making a

false statement with respect to an appointment when I was alleged to have: a) without

authorization signed documents on behalf of the Director of CMS; b) knew the Director

had not approved the transactions as required by the Personnel Rules; and c) knew that, in

the case of re-employment to the term position, the position had not been filled in compliance with the provisions of the Personnel Rules.  I was prepared to respond to these allegations during my pre-disciplinary meeting with Commissioner Richards.

13.    I informed Commissioner Richards during my pre-deprivation hearing that: a)  prior to proceeding with the transactions which were noted in the disciplinary charges I had consulted with Deborah Hensey, Bureau Chief of the Department of Personnel at CMS, concerning whether the transactions could be undertaken, and if so, the procedure which should be followed; b) Deborah Hensey explained to me that similar transactions had been done in the past during the Edgar Administration and informed me of the process which should be followed; c) I passed the information I received from Ms. Hensey along to my superiors in the Governor's office; d) I received a telephone call from Deborah Hensey informing me that Director Michael Schwartz of CMS had approved the transactions but did not want to sign the transactional forms covering CMS employees and he authorized someone in the Governor's office to sign them in his place; e) I informed my supervisor, Diane Ford, of what I had been told and she instructed me to sign my name on the forms; and f) the documents were brought to my office by Tricia Pineda, a CMS personnel officer, and she told me to sign the documents "on this line".

14.    I never told Commissioner Richards during my pre-deprivation hearing that I signed those forms in the capacity of Director of CMS.  Instead, I explained that Director Schwartz had sent those forms to my office to have someone from the Governor's office sign them.

15.    Following my discharge from employment with the Commission I appealed my discharge to the Commission as was my right as a merit employee protected by the "Personnel

Code".

16. William Trapp, a Springfield, Illinois lawyer, was appointed to serve as the
Administrative Law Judge in my discharge appeal. To the best of my knowledge Mr.
Trapp had never worked for the Commission or previously served it as an administrative
law judge. I was not consulted and played no role in the selection of Mr. Trapp as the
administrative law judge.

17. Through discovery in my discharge appeal I became aware that members of the
Commission were prepared to testify as witnesses against me in my discharge appeal and
had been the individuals who made the decision to discharge me from employment with
the Commission. I was concerned about the fairness of any hearing in which the persons
who ultimately decided the case were the same individuals who made the discharge
decision and were potential witnesses against me. Accordingly, I filed a motion with the
Commission requesting that those individuals refrain from deciding the merits of my
appeal and instead that a neutral decision-maker be jointly selected by the members of the
Commission and the undersigned to decide the merits of that appeal. A copy of that
motion is appended as Exhibit B.

18. The members of the Commission denied the motion I filed which was referred to in the
preceding paragraph.

19. Following my termination Dan Stralka became the acting Executive Secretary of the
Commission. Eventually he filled on a permanent basis that position. I met Mr. Stralka
at the March 2003 and April 2003 monthly meetings of the Commission. At that time
Mr. Stralka appeared at those meetings on behalf of Governor Blajogevitch.

20.    This Affidavit is based upon the personal knowledge of your Affiant.  If called upon I

could competently testify to the matters set forth above.

Signature redacted pursuant to
USDC-CDIL Adm.Proc.Rule II(I)(f)

ROBERT POWERS

Subscribed to and sworn to before
me this _8_ Day of March, 2006.

_Caren Mansfield_
NOTARY PUBLIC

OFFICIAL SEAL
CAREN MANSFIELD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-13-2008

Page 6 of  6



# CMS

ILLINOIS                    Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Michael M. Rumman, Director

CIVIL SERVICE COMMISSION

    vs.

ROBERT POWERS

## NOTICE OF APPROVAL OF WRITTEN CHARGES BY
## THE DIRECTOR OF CENTRAL MANAGEMENT SERVICES

You are hearby notified that the appealable written charges of the above listed DEPARTMENT
dated ____ May 29th _____ , 2003 ,  seeking your:

__x_ discharge    ___demotion    _____suspension for more than 30 days in a 12-month period

as an employee of said DEPARTMENT ARE HEARWITH APPROVED BY THE Director of
Central Management Services of the State of Illinois, pursuant to 20 ILCS 415/9 (5).

You are further notified that should you wish to appeal these charges, as provided by 20 ILCS
415/10 (6), you may make written request to the Civil Service Commission, State of Illinois,
Springfield, Illinois, on the enclosed form to be received by that Commission within 15 days
following receipt of this notice.

Approved and served this date: _____ May 30th _____ ,  2003 .

    DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
    State of Illinois

    By _Michael M. Rumman_____

**EXHIBIT**
*tabbies*
A

715 Stratton Office Building, 401 South Spring Street, Springfield, IL  62706
CMS-10C (rev. 1/03)  IL 401-0093        *Printed on Recycled Paper*

Robert Powers is hereby discharged from his position as Executive Secretary of the Civil Service Commission for the following reasons:

1.   On or about September 6, 2002 through September 13, 2002, you signed your name in the box labeled "Director of Central Management Services" on the Personnel Action Forms (CMS-2) for Central Management Services (CMS) employees Frank Cavellaro, Susan Gowen and Lori Skinner as though you were the Director of CMS. Your actions constitute an unlawful act under the Personnel Code in violation of Section 13 (20 ILCS Section 13). Specifically, you made a false statement, certificate or mark with respect to an appointment when you (1) were not authorized to sign the documents on behalf of the Director of CMS; (2) knew that the Director of CMS had not approved the transactions as required by the Personnel Rules; and (3) knew that, in the case of re-employment to the term position, the position had not been filled in compliance with Section 302.820(a) of the Personnel Rules. In the case of Frank Cavellaro, you altered the effective date on the CMS-2 "Reinstatement to Term Appointment".

2.   In September 2002, you directed Department of Corrections (DOC) staff to make effective a series of four transactions for employees Mark Kinnaman, Diane Hurrelbrink and Lynnette Jones on certain dates regardless of the date the documents were actually signed. Such conduct constitutes a violation of Section 13 of the Personnel Code (20 ILCS Section 13). Specifically, you affixed a false mark or statement on an official document with regard to an appointment under the Personnel Code, which resulted in all four transactions being inappropriately executed at one time.

3.   There is substantial evidence that you knew or should have know that the above-referenced employees did not perform the duties of the exempt appointments. First, the DOC transactions were executed at one time, therefore making it impossible for the employees to have ceased performing the duties of their original term appointments or to have served in the exempt positions. Second, you signed the Personnel Action Request for Lynette Jones authorizing that she be reinstated to a term appointment at DOC, when in fact you knew or should have known that Ms. Jones was performing duties at the Department of Agriculture. Finally, because of the identical pattern of the transactions for the CMS employees, you knew or should have known those employees did not perform the duties of the exempt appointments and did not cease performing the duties of their original term appointment. This evidence constitutes false statements relating to appointments made under the Personnel Code in violation of Section 13. (20 ILCS Section 13)

Robert Powers


Based on the foregoing, you have engaged in acts that violated the Personnel Code and Rules.  In your role as Executive Secretary of the Civil Service Commission you are charged with interpreting and upholding the Personnel Code and Rules.  Your actions constitute substantial shortcomings that render continued employment by the State a detriment to the discipline and efficiency of your job as Executive Secretary.  Pursuant to 80 Ill. Admin. Code Section 302.700 (Cause for Discharge) and 80 Ill. Admin. Code 1 Rule 20 (Cause for Discharge) your actions are cause for discharge.

STATE OF ILLINOIS
CIVIL SERVICE COMMISSION

IN THE MATTER OF:                                )
THE ILLINOIS CIVIL SERVICE COMMISSION, )
                                                )        JUN 2 6 2003
            Petitioner,                         )
                                                )        CIVIL SERVICE COMMISSION
                                                )        Springfield, Illinois
    and                                         )
                                                )        NO. DA 104-03
ROBERT B. POWERS,                               )
                                                )
            Respondent.                         )

## MOTION OF THE RESPONDENT, ROBERT B. POWERS, REQUESTING THAT THE INDIVIDUAL MEMBERS OF THE ILLINOIS CIVIL SERVICE COMMISSION LIMIT THEIR ROLE IN DECIDING THE MERITS OF THE INSTANT APPEAL

COMES NOW the Respondent, ROBERT B. POWERS, by and through his attorney, James P. Baker, and by this instrument requests that the individual members of the Illinois Civil Service Commission limit their role in deciding the merits of this case and abstain from making any effective decision with respect to this appeal in the manner more specifically requested hereafter. In support of this motion, the Respondent, ROBERT B. POWERS, states as follows:

1. That at times pertinent to this appeal, the Respondent, ROBERT B. POWERS, served as the Executive Secretary of the Illinois Civil Service Commission ["COMMISSION"]. In that position, he was covered by and subject to the provisions of jurisdictions A, B, and C of the "Personnel Code" [20 ILCS 415/10].

2. That the instant proceeding is being maintained pursuant to § 11 of the "Personnel Code" [20 ILCS 415/11] for the purpose of determining whether cause exists for the termination of the Respondent, ROBERT B. POWERS, from his position as Executive Secretary of the COMMISSION.



EXHIBIT

B

3.   That as an employee of state government who is covered by jurisdiction B of the "Personnel Code", the Respondent, ROBERT B. POWERS, has a property interest in his employment as the Executive Secretary of the COMMISSION. Under applicable provisions of both the United States Constitution and the Illinois Constitution of 1970, he cannot be denied that property interest without being afforded due process of law. Among other things, due process of law entitles the Respondent, ROBERT B. POWERS, with a post-deprivation hearing reasonably structured to provide him with a full and fair opportunity to determine whether grounds exist sufficient in nature to warrant his discharge from employment. Among other things due process guarantees the Respondent, ROBERT B. POWERS, an opportunity to a hearing which would result in a decision by an unbiased third party.

4.   Under the provisions of § 10 and § 11 of the "Personnel Code" [20 ILCS 415/10 and 11], the COMMISSION is to hear and consider discharge appeals by employees covered by jurisdiction B of the "Personnel Code".

5.   That in response to discovery requests made to it, the COMMISSION has identified each of the sitting members of the COMMISSION as: a) either individuals who recommended or decided to terminate the Respondent, ROBERT B. POWERS, from employment with the COMMISSION; and b) individuals who will testify on behalf of the COMMISSION in the above proceeding.

6.   That in this instance, the individuals who will be called upon to hear and make the final administrative determination concerning whether grounds exist to discharge the Respondent, ROBERT B. POWERS, from his employment with the COMMISSION are the very same individuals who: a) initiated his discharge; b) are the Petitioners in this case; and c) are prepared to testify on behalf of the Petitioner in this case.

Page 2 of 4

7.  That the method for hearing discharge appeals of jurisdiction B, employees under the "Personnel Code" would in this instance deny the Respondent, ROBERT B. POWERS, of due process of law because the individuals charged with responsibility for making the ultimate decision concerning the propriety of the discipline are the same individuals who are parties to this proceeding and made the decision which is the subject of this appeal.

8.  That due process requires in this appeal that the individual or individuals making the ultimate determination on the merits of the appeal be persons who are disinterested in the outcome of the appeal.  That requirement cannot be satisfied if the members of the COMMISSION make or are substantively involved in deciding the merit of this appeal.

WHEREFORE, the Respondent, ROBERT B. POWERS, respectfully requests the following:

A.  That each of the individual members of the COMMISSION refrain from effectively deciding this appeal in the manner requested herein;

B.  That the Petitioner and the Respondent, ROBERT B. POWERS, jointly select a person or persons who would perform the role normally entrusted to individual Commissioners in proceedings maintained under § 11 of the "Personnel Code".  That individual or individuals would review the recommendations of the Administrative Law Judge and either accept, modify, or reject that recommendation as is normally done by members of the COMMISSION under the "Personnel Code" and the "Administrative Procedure Act"; and

C.  The Commissioners would adopt as the final decision of the COMMISSION in the above proceeding the determination made by that person or those persons jointly appointed by both the Petitioner and the Respondent, ROBERT B. POWERS, in its process of reaching a final

administrative decision in this case.

ROBERT B. POWERS

By: _____

His Attorney

James P. Baker
LAW OFFICES OF JAMES P. BAKER
415 South Seventh Street
Springfield, Illinois 62701
(217)522-3445
(Motions/powersrobmerit 062303)

## CERTIFICATE OF SERVICE

Service of the foregoing was made VIA FACSIMILE and by sending a copy thereof, in a sealed envelope, postage fully prepaid, addressed to:

**(217) 524-5091**

Mr. Matthew Bilinsky
Attorney General's Office
500 South Second Street
Springfield, Illinois 62701

**(217) 544-9609**

Mr. William Trapp
Brown, Hay & Stephens
205 South 5th Street, Suite 700
Springfield, Illinois 62701

and deposited in the United States Mail from the office of the undersigned this _____ day of June, 2003.

Page 4 of 4